IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILL MacCLARENCE, P.E.<br>10840 Glazanof Drive<br>Anchorage, AK 99507,<br><br>v.<br><br>STEPHEN L. JOHNSON, in his official<br>Capacity as Administrator, United States<br>Environmental Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460,<br><br>Defendant. | Civil No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**I. INTRODUCTION**

1. Plaintiff Bill MacClarence, P.E., challenges the failure of Defendant Stephen L. Johnson, in his official capacity as Administrator of the Environmental Protection Agency ("EPA"), to perform his non-discretionary duties under the Clean Air Act, 42 U.S.C. §§ 7401-7671q. Specifically, Title V of the Clean Air Act establishes a mandatory 60-day deadline for Defendant to grant or deny a citizen petition for an objection to a Clean Air Act Title V permit. 42 U.S.C. § 7661d(b)(2). Defendant has failed to meet this deadline with respect to a petition seeking EPA's objection to a Clean Air Act operating permit for the BP Exploration (Alaska) Inc. Gathering Center #1 ("BP permit") issued by the Alaska Department of Environmental Conservation. Such petition

COMPLAINT -- 1

was dated February 5, 2004; and EPA received the petition on February 5, 2004. Despite the passage of over 60 days, Defendant has not responded to Plaintiff's petition.

## II. JURISDICTION, VENUE AND NOTICE

2.      This is a Clean Air Act citizen suit. Thus, this Court has subject matter jurisdiction over the claim set forth in this complaint pursuant to 42 U.S.C. § 7604(a)(2), and has authority to award attorney fees pursuant to 42 U.S.C. § 7604(d). The Clean Air Act is a federal statute. Thus, this Court also has subject matter jurisdiction over the complaint pursuant to 28 U.S.C. § 1331 (federal question). An actual controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930. Thus this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief.

3.      A substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia. In addition, Defendant Stephen Johnson officially resides in the District of Columbia. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

4.      On October 9, 2006, Plaintiff mailed a letter via certified mail to Defendant Stephen L. Johnson stating that Plaintiff intended to sue Defendant for failure to respond to Plaintiff's petition for an objection to the BP permit within 60 days. On November 1, 2006 EPA sent Plaintiff a letter confirming EPA received Plaintiff's letter dated October 9, 2006, and assigned Plaintiff's letter Citizen Suit No. NCS-06-19.

5.      More than 60 days have passed since Defendant received Plaintiff's notice of intent to sue letter.  Defendant has not acted to remedy the violations alleged in this Complaint.  Therefore, an actual controversy exists between the parties.

### III. PARTIES

6.      Plaintiff Bill MacClarence is an individual residing in Anchorage, Alaska. Mr. MacClarence is an avid outdoor enthusiast.   Mr. MacClarence is deeply concerned about air quality and its effects on the health and welfare of people, plants, and animals.

7.      EPA's failure to respond to his petition adversely affects Mr. MacClarence.  Mr. MacClarence suffers from ocular melanoma in the left eye, the occurrence of which is correlated with high exposure to ultraviolet light.  Pollution from BP Exploration (Alaska) Inc.'s Gathering Center #1 contributes to the destruction of stratospheric ozone, thus increasing medical risks for Mr. MacClarence.   In addition, Mr. MacClarence regularly visits areas of northern Alaska which are impacted by pollution from the BP Exploration (Alaska) Inc.'s Gathering Center #1.   Mr. MacClarence is adversely affected by pollution from this facility because such pollution impairs visibility, endangers his health, impairs water quality and has other adverse impacts, and because such pollution diminishes his enjoyment of these areas.   Further, Mr. MacClarence invested his personal time in preparing the petition.  However, Mr. MacClarence will not realize the benefit of his investment of his personal time, including the benefit of obtaining information in the form of a response, until EPA responds to his petition.  Thus, Mr. MacClarence's scientific, educational and informational interests in his petition are adversely affected by EPA's failure to timely respond to his petition.

8. Mr. MacClarence's interests in protecting air quality and limiting pollutants which degrade stratospheric ozone are adversely affected by EPA's failure to timely respond to his petition.  Moreover, if the BP Exploration (Alaska) Inc.'s Gathering Center #1 does not comply with the Clean Air Act, Mr. MacClarence will be exposed to pollutants from those facilities which are in excess of legal levels. EPA's failure to respond thus prevents Mr. MacClarence from being certain that the BP permit protects him from exposure to pollutants emitted by that facility which are in excess of legal limits.

9. EPA's failure to respond to Plaintiff's petition has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiff concrete injuries, which are traceable to EPA's failure to act and will be redressed by EPA's action.

10. Defendant STEPHEN L. JOHNSON is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing the Clean Air Act, including the requirement to grant or deny Plaintiff's petition within 60 days.  Mr. Johnson is sued in his official capacity.

## IV. LEGAL BACKROUND

### Title V

11. The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the Clean Air Act created an operating permit program that applies to all major sources of air pollution – the Title V permit program.  See 42 U.S.C. §§ 7661-7661f.

12. A primary purpose of the Title V permitting program is to reduce violations of the Clean Air Act and improve enforcement by recording in one document all of the air pollution control requirements that apply to a source of emissions. See New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2d Cir. 2003). Major sources of air pollution cannot legally discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a).

13. The Clean Air Act provides that the Administrator of EPA may approve states' programs to administer the Title V permitting program with respect to sources within their borders. 42 U.S.C. § 7661a(d). The Administrator has approved Alaska's Title V permit program. The Alaska Department of Environmental Conservation ("Alaska DEC") is responsible for issuing Title V permits in Alaska.

14. Before a Title V permit can be issued by a state with an approved Title V permit program, the State must forward the proposed Title V permit to EPA. 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days in which it can review the proposed permit. EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1). However, as a practical matter, EPA does not review most proposed Title V permits forwarded to it by state permitting agencies.

15. After EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the Title V permit. 42 U.S.C. § 7661d(b)(2).

16. Once it receives a petition for objection to a Title V permit, EPA must grant or deny that petition within 60 days. Id.; New York Public Interest Research Group v. Whitman, 214 F. Supp. 2d 1, 2 (D.D.C. 2002).

COMPLAINT -- 5

## VI. STATEMENT OF FACTS

17. BP Exploration (Alaska) Inc.'s Gathering Center #1 processes crude oil from production wells in the vicinity of Prudhoe Bay, Alaska.

18. BP Exploration (Alaska) Inc.'s Gathering Center #1 emits volatile organic compounds, carbon monoxide, nitrogen oxides, sulfur dioxide, and hazardous air pollutants.

19. On or about February 21, 2002, Alaska DEC issued a draft Title V operating permit to BP Exploration (Alaska) Inc.'s Gathering Center #1 (Permit No. 182TVP01) and requested public comments on this draft permit.

20. Mr. MacClarence submitted written comments to Alaska DEC on the draft BP permit on March 23, 2002. Mr. MacClarence criticized the draft BP permit, in part, because it did not aggregate all of BP's contiguous and adjacent facilities into one permit, as required by the Clean Air Act and federal regulations.

21. Alaska DEC subsequently published a revised draft BP permit on March 7, 2003. This revised draft permit favorably responded to Mr. MacClarence's comments, and aggregated all of BP's contiguous and adjacent facilities into the draft permit.

22. On July 23, 2003, Alaska DEC reversed its March 7, 2003 draft BP permit, and submitted to EPA another version of the BP permit that disaggregated contiguous and adjacent BP facilities from the Gathering Center #1 permit. There was no public notice of this reversal. On August 14, 2003 EPA expressed their concern to Alaska DEC over the reversal.

23. On October 20, 2003, Alaska DEC published final permit 182TVP01 for BP Exploration (Alaska) Inc. Gathering Center #1. Like the July 23, 2003 version of the

permit, the final permit disaggregated contiguous and adjacent BP facilities from the Gathering Center #1 permit.

24. EPA did not object on its own initiative to the BP permit during its 45-day review period following receipt of the October 20, 2003 final permit.

25. Pursuant to 42 U.S.C. § 7661d(b)(2), via letter dated February 5, 2004, Mr. MacClarence timely submitted his petition to EPA seeking EPA's objection to the permit. EPA's office in Anchorage, Alaska, received the petition on February 5, 2004.

26. The petition raised the issue of Alaska DEC's failure to aggregate all BP facilities which are contiguous and adjacent to Gathering Center #1. This argument was raised specifically in Mr. MacClarence's comments to Alaska DEC during the public comment period for the BP permit.

27. Via electronic mail sent March 29, 2004, EPA notified Mr. MacClarence that Alaska DEC had made a minor revision to the BP permit and had provided such revision to EPA on December 31, 2003. Such revision did not address disaggregation, which was the basis of Mr. MacClarence's petition. However, on April 14, 2004, Mr. MacClarence resubmitted his February 5, 2004 petition to EPA.

28. As of the date of filing of this Complaint, EPA's online database lists Mr. MacClarence's petition as dated February 5, 2004, and lists the petition's status as "pending."

29. EPA had until on or about April 8, 2004, to grant or deny Plaintiff's original petition. 42 U.S.C. § 7661d(b)(2). However, EPA neither granted nor denied the petition within the statutory 60 day period. EPA still has not granted or denied the petition as of date of filing this Complaint.

## VII. CLAIM FOR RELIEF

<u>FAILURE TO RESPOND TO PLAINTIFF'S PETITION FOR OBJECTION TO THE BP EXPLORATION (ALASKA) INC. GATHERING CENTER #1 TITLE V PERMIT (42 U.S.C. § 7661d(b)(2))</u>

30. Each allegation set forth in the Complaint is incorporated herein by reference.

31. EPA has a mandatory duty to respond within 60 days to Plaintiff's petition requesting that EPA object to the BP permit pursuant to 42 U.S.C. § 7661d(b)(2) ("The Administrator shall grant or deny such petition within 60 days after the petition is filed").

32. It has been more than 60 day since EPA received Plaintiff's petition requesting EPA object to the BP permit.

33. Defendant has not granted or denied Plaintiff's petition regarding the BP permit.

34. Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2). 42 U.S.C. § 7604(a)(2).

35. Therefore, EPA has violated, and remains in violation of, its non-discretionary duty to grant or deny Plaintiff's petition within 60 days, as required by 42 U.S.C. § 7661d(b)(2).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A) Declare that Defendant's failure to grant or deny Plaintiff's petition for an objection to the BP Exploration (Alaska) Inc. Gathering Center #1 Title V permit

COMPLAINT -- 8

constitutes a failure to perform an act or duty that is not discretionary with the Defendant within the meaning of 42 U.S.C. § 7604(a)(2);

B) Order the Defendant to grant or deny Plaintiff's petition for an objection to the BP Exploration (Alaska) Inc. Gathering Center #1 Title V permit in accordance with an expeditious schedule prescribed by the Court;

C) Retain jurisdiction over this action to ensure compliance with the Court's Order;

D) Award Plaintiff his costs of litigation, including reasonable attorney fees; and

E) Grant such other relief as the Court deems just and proper.

                                        Respectfully submitted,

                                        ___/s_____
                                        Robert Ukeiley (MD14062)
                                        Law Office of Robert Ukeiley
                                        433 Chestnut Street
                                        Berea, KY 40403
                                        Tel: (859) 986-5402
                                        Fax: (866) 618-1017
                                        E-mail: rukeiley@igc.org

                                        Counsel for Plaintiff

DATED: January 9, 2007.

Of Counsel:

William M. Eddie (Oregon State Bar No. 066860)
Law Office of William M. Eddie
610 SW Alder St., Suite 910
Portland, OR 97205
Tel: (503) 542-5245
Fax: (503) 225-0276
E-mail: bill@eddielawfirm.com

COMPLAINT -- 9

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Bill MacClarence, P.E.

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
Stephen L. Johnson

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403

### ATTORNEYS (IF KNOWN)

CASE NUMBER  1:07CV00055

JUDGE: Richard W. Roberts

DECK TYPE: Administrative Agency Rev

DATE STAMP: 01/10/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⊗ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/* 2255 | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. § 7661d(b)(2)

**VII. REQUESTED IN COMPLAINT** — CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ — DEMAND $ _____ — JURY DEMAND: YES ☐ NO ☒ — Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 1/9/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.