UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILL MACCLARENCE, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN L. JOHNSON, <br> Administrator, United States Environmental <br> Protection Agency <br> 1200 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20460 <br><br> Defendant | Civ. No. 1:07-cv-00055(RWR) |

**EPA'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Stephen L. Johnson, Administrator of the United States Environmental Protection Agency ("EPA"), hereby submits this notice of supplemental authority relevant to Plaintiff's Motion for Award of Attorneys' Fees and Costs (Docket # 13, June 21, 2007) ("MacClarence Motion"). Specifically, in a Memorandum Order issued on January 28, 2008, Judge Robertson of this Court rejected an attorneys' fee claim made by Robert Ukeiley, Plaintiff's lead counsel here. *See Rocky Mountain Clean Air Action v. Johnson*, No. 06-cv-01992 (D.D.C. Jan. 28, 2008) (slip op. attached as Exhibit 1). Judge Robertson substantially adopted the same reasoning that EPA presented to the Court in the present case, in its Opposition to Motion for Attorneys' Fees (Docket # 15, August 3, 2007) ("EPA Opposition").

In his Motion in this case, Plaintiff MacClarence requested an award of $16,498 in attorneys' fees. MacClarence sought $375 per hour for Mr. Ukeiley, $305 for Mr. Eddie, $205 for Ms. Baldwin (all attorneys), $120 for Ms. Perkins (a paralegal), and $120 for Ms. Middleton

(a law student). This amount was based on District of Columbia hourly rates, instead of rates from counsels' home legal markets of Berea, Kentucky (for Mr. Ukeiley, Ms. Baldwin, Ms. Perkins, and Ms. Middleton) and Portland, Oregon (for Mr. Eddie). In its Opposition, EPA argued that under the principles established by the D.C. Circuit in *Davis County Solid Waste Management v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999), the fee award should be based on market rates for counsel in their home districts. EPA urged that the Court award only the following reasonable hourly rates: $200 for Mr. Ukeiley, $100 for Ms. Baldwin, and $75 for Ms. Perkins and Ms. Middleton (based on recent fee awards in the Eastern District of Kentucky), and $250 for Mr. Eddie (based on his actual market rate in Portland, Oregon).

The case presently before the Court is essentially indistinguishable in its factual context and legal issues from *Rocky Mountain Clean Air*. As in this case, the primary issue before the Court in *Rocky Mountain Clean Air* was the hourly rate to be awarded to the plaintiffs' attorneys and their staff, who included Mr. Ukeiley, Ms. Baldwin, and Ms. Middleton. In addition to involving several of the same legal professionals, the *Rocky Mountain Clean Air* case involved a similar claim to the present case (under the Clean Air Act), and the litigation proceeded in similar stages (*i.e.*, an early settlement of the underlying claim, with a subsequent fee petition).

In finding for EPA, Judge Robertson recognized that "the general rule that the relevant community for attorney fee awards 'is the one in which the district court sits.'" *Rocky Mountain Clean Air*, slip op. at 3 (quoting *Donnell v. United States*, 682 F.2d 240, 251 (D.C. Cir. 1982). However, he held that the exception articulated in *Davis County* applied to the fee application for the plaintiff's Berea, Kentucky counsel, because "[a]n award of attorneys fees based on D.C. market rates . . . would indeed constitute the kind of windfall payment that *Davis County* was meant to avoid." *Rocky Mountain Clean Air*, slip op. at 4. In doing so, Judge Robertson

accepted EPA's argument that the cost of doing business in Washington, D.C. made rates in this District substantially higher than in Mr. Ukeiley's home district, *see id.* at 5, and rejected Mr. Ukeiley's contention that he has an "issue-based" practice, *see id.* at 6. Judge Robertson held that awarding the fee based on Eastern District of Kentucky rates would still fulfill the purpose of fee-shifting statutes – to "enable private parties to obtain legal help in seeking redress for injuries." *Id.* at 6 (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Judge Robertson concluded by determining that a reasonable hourly rate for Mr. Ukeiley was $225, for Ms. Baldwin was $100, and for Ms. Middleton was $75. *Rocky Mountain Clean Air*, slip op. at 7. Although Mr. Eddie was not involved in *Rocky Mountain Clean Air*, it is clear from Judge Robertson's reasoning that his home market rate of $250 per hour should apply. Therefore, even if this Court were to follow Judge Robertson in awarding Mr. Ukeiley $225 per hour instead of $205, the appropriate fee award (based on the calculations presented in EPA's Opposition at p.19) would be $ 10,455.60. MacClarence's claimed fees of $16,498 are more than 50% higher than the appropriate award.

For these reasons, MacClarence's Motion should be denied, and MacClarence should recover attorneys' fees in this case on the basis presented in EPA's Opposition.

> Respectfully submitted,
>
> RONALD J. TENPAS
> Assistant Attorney General
> Environment & Natural Resources Division
>
> /s/ David Gunter
> DAVID GUNTER
> United States Department of Justice
> Environmental Defense Section
> P.O. Box 23986

3

Washington, D.C. 20026-3986
Phone (202) 514-3785
david.gunter2@usdoj.gov

Dated: January 29, 2008

# CERTIFICATE OF SERVICE

I certify that the following counsel is registered to receive filings in this case from the Court's electronic filing system, and will receive a copy of EPA's Opposition to Motion for Attorneys' Fees upon its filing on January 29, 2008.

Robert Ukeiley
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
859-986-5402 (ph)
859-986-1299 (fax)
rukeiley@igc.org

I further certify that notice of this Motion will be delivered via first-class U.S. Mail, sent on January 29, 2008, to the following counsel:

William M. Eddie
610 SW Alder Street
Suite 910
Portland, OR 97205
(503) 542-5245
(503) 225-0276 (fax)

_____
David Gunter

*MacClarence v. Johnson*, No. 07-cv-00055 (RWR)

# EXHIBIT 1

*to* EPA'S NOTICE OF SUPPLEMENTAL AUTHORITY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROCKY MOUNTAIN CLEAN AIR ACTION, :
*et al.*,                        :
                                 :
         Plaintiffs,             :
                                 :
     v.                          :   Civil Action No. 06-1992 (JR)
                                 :
STEPHEN L. JOHNSON,              :
Administrator, United States     :
Environmental Protection Agency, :
                                 :
         Defendant.              :

### MEMORANDUM ORDER

On November 16, 2006, the plaintiffs filed this action under Section 304(a)(2) of the Clean Air Act, 42 U.S.C. § 7604(a)(2), alleging that the defendant, the Administrator of the Environmental Protection Agency, failed to perform his mandatory duty to grant or deny plaintiffs' petitions within 60 days. See 42 U.S.C. § 7661d. Plaintiffs' petitions were for EPA review of Clean Air Act permits issued by state agencies for the Fort St. Vrain Power Station in Colorado and a coal-burning cement plant in South Dakota called GCC Dacotah. All parties agree that plaintiffs' claims were mooted when the EPA took final action on both requests for review, on February 5, 2007, for the Ft. St. Vrain claim, and on or before June 15, 2007, for the GCC Dacotah claim. The only remaining issue in the case is the amount of attorneys' fees to be awarded to the plaintiffs.

Section 304(d) of the Clear Air Act provides that "[t]he court, in issuing any final order in any action brought

pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 42 U.S.C. § 7604(d). A three-part analysis generally applies to the calculation of attorney's fees under fee-shifting statutes such as the Clean Air Act: "(1) determination of the number of hours reasonably expended in litigation; (2) determination of a reasonable hourly rate or 'lodestar'; and (3) the use of multipliers as merited." Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995). The dispute here centers on the second issue, the determination of reasonable hourly rates. "[A] fee applicant's burden in establishing a reasonable hourly rate entails a showing of at least three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." Id. The parties disagree about which legal market is the "relevant community" for compensation purposes here.

Plaintiffs are represented pro bono by the Law Office of Robert Ukeiley. They request compensation at rates of $360 to $375 for work done by Mr. Ukeiley, $205 for first-year associate Aubrey Baldwin, and $120 for law clerk Elizabeth Middleton. Although Ukeiley's office is located in Berea, Kentucky, the fees

requested – $9,229.78 for 36.1 hours of legal work[1] – are based on rates provided by the so-called Laffey Matrix for the District of Columbia. As explained in more detail below, this matrix serves as a reference for determining the currently prevailing market rates in D.C.

In this Circuit, the general rule is that the relevant community for attorney fee awards "is the one in which the district court sits." Donnell v. United States, 682 F.2d 240, 251 (D.C. Cir 1982). However, an exception to this forum rule applies where "the bulk of the work is done outside the jurisdiction of the court and where there is a very significant difference in compensation favoring D.C." Davis County Solid Waste Management v. EPA, 169 F.3d 755, 758 (D.C. Cir. 1999). Because Ukeiley's law office is located in Berea, Kentucky, and because recent decisions of the U.S. District Court for the Eastern District of Kentucky have awarded attorney fees based on substantially lower rates than those requested here, the defendant argues that the Davis County exception applies and that Ukeiley should be compensated according to rates prevailing in his home community.

The rationale underlying the Davis County exception to the forum rule is to prevent windfall payments "where out-of-

---

[1] As part of this request, plaintiffs have already made a 15% across-the-board reduction in the number of hours expended for which they are seeking compensation.

- 3 -

jurisdiction lawyers would receive substantially higher rates than they ordinarily command for work done almost exclusively in their home territory." Id.  Plaintiffs argue that this rationale does not apply here because "Ukeiley's firm has a nationwide practice," focusing on litigation under the Clean Air and Environmental Species Acts, with ten of his sixteen active cases currently pending before the federal trial and appellate courts of the District of Columbia. Pls.' Mot. For Attorneys' Fees at 15 [Dkt. # 16].  While it is evident from the nature of Ukeiley's practice that "[t]he legal communities of today are increasingly interconnected," and that defining markets by geography, rather than practice area, may be "simplistic." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 120 (2d Cir. 2007), recognizing this does not render the Davis County exception inapplicable to this case.

The overriding concern of the Court of Appeals in Davis County was to avoid the situation in which the successful petitioner would be "vastly overcompensated," 169 F.3d at 758, by virtue of "practic[ing] in a far less expensive market [] and performing the bulk of [his] work on the case at home" in that market. Id. at 759.  An award of attorneys fees based on D.C. market rates as reflected by the Laffey Matrix would indeed constitute the kind of windfall payment that Davis County was meant to avoid.  The Laffey Matrix is originally based on 1981-82

D.C. market rates as recognized by the District Court in <u>Laffey v. Northwest Airlines, Inc.</u>, 572 F. Supp 352 (D.D.C 1983), <u>aff'd in part, rev'd in part on other grounds</u> 746 F.2d 4 (D.C. Cir 1984). The matrix has been updated regularly by the U.S. Attorney's Office for the District of Columbia so as to reflect changes in the cost of living for the D.C. metropolitan-area as measured by the Consumer Price Index. [Dkt. 15, Ex. D]. That the matrix directly takes into account the cost of living in the District and surrounding communities is one reason that the rates requested by the plaintiffs will not be granted. Mr. Ukeiley's firm does not maintain an office in the District of Columbia, nor was any of the work on merits of this case done in D.C. Plaintiffs have neither asserted nor shown that lawyers practicing in Berea, Kentucky have "anywhere near the operational costs, such as office space, clerical support, and associate lawyers, as in Washington, D.C." <u>Avera v. Secretary of HHS</u>, 75 Fed. Cl. 400, 405 (Fed. Cl. 2007). While plaintiffs point out that Mr. Ukeiley has, over the past 42 months, billed approximately 183 hours (about 4 and ½ weeks of work) to private clients at the Laffey Matrix rates sought here, the fact that Ukeiley has, in "fortunate case[s]," recovered higher fees does not speak to the dispositive issue here, the market rates charged in Ukeiley's home legal community. <u>Cf. National Ass'n of</u>

Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1326 (D.C. Cir. 1982).

Plaintiffs argue that the nature of Ukeiley's practice and of the underlying action here – a Clean Air Act Title V suit – somehow weigh in favor of creating an exception to the exception in Davis County. Using plaintiffs' own terms, Davis County nowhere suggests that out-of-town counsel with an "issue-based," as opposed to a "location-based," practice should be compensated at the District's rates when those rates happen to be higher. [Dkt. # 16 at 16]. Indeed, Davis County itself involved a successful challenge to emissions and new source performance regulations that the EPA had issued pursuant to Sections 111 and 129 the Clean Air Act. Most importantly, fee-shifting statutes were "not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). Instead, these statutes "enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws," id., a purpose that can be fulfilled by having the fee award here determined by rates prevailing in the Eastern District of Kentucky.

The plaintiffs have declined to provide evidence of the prevailing market rates in Ukeiley's home community. However, a canvass of recent decisions issuing from the Eastern District of Kentucky supports the conclusion that market rates in that District range from $200 to $250 for experienced partners, from $100 to $150 for low- to mid-level associates, and $75 for law students. See Elliott v. Metro. Life Ins. Co., Civ. No. 04-174-DLB 2007 U.S. Dist. LEXIS 85029 (E.D. Ky Sept. 14, 2007); K.L. v. Scott County Schs., Civ. No. 5:07-62-JMH, 2007 U.S. Dist. LEXIS 47190(E.D. Ky Jun. 28, 2007); Bryant v. Nighbert, Civ. No. 03-183, 2005 WL 2234636 (E.D. Ky Sept. 14, 2005) In re N. Ky. Prof'l Baseball, LLC, Case No. 04-22256, 2005 Bankr. LEXIS 897 (Bankr. E.D. Ky May 23, 2005); Dixie Fuel Co. v. Callahan, 136 F Supp. 2d 659, 666 (E.D. Ky 2001). With these indicators in mind, the Court determines that a reasonable rate for an attorney of Robert Ukeiley's skill and twelve years' experience is $225, which is $135 less than was claimed for his time prior to June 1, 2006, and $150 less than was claimed for time expended after that date. The reasonable rate for Aubrey Baldwin, a first-year associate, is $100, while the reasonable rate for law student Elizabeth Middleton is $75. Based on Mr. Ukeiley's 11.4 hours, Ms. Baldwin's 19.1 hours, and Ms. Middleton's 5.6 hours,[2] the

---

[2] In its opposition papers, the defendant contested the amount of time attributed to Ms. Middleton, asserting that only 4.3 hours were reflected on the time sheets submitted by the

total fee award comes to $4895. The parties previously stipulated their agreement to an award of $388.28 to plaintiffs for litigation costs.  [Dkt. # 15].

Accordingly, plaintiff's motion for attorneys' fees is **granted in part** and **denied in part**. The Court **orders** that plaintiffs be awarded $4895 in attorney fees and $388.28 in costs.

**So ordered.**


                                    JAMES ROBERTSON
                                    United States District Judge

---

plaintiffs. Defendants' objection is the result of an apparent oversight – the time sheets do in fact support the request made.

- 8 -