IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILL MACCLARENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civ. No. 1:07-cv-00055 (RWR) |
| | ) |
| STEPHEN L. JOHNSON, | ) |
| Administrator, United States | ) |
| Environmental Protection | ) |
| Agency | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S RESPONSE TO EPA'S NOTICE OF SUPPLEMENTAL

## AUTHORITY

On January 29, 2008, Defendant United States Environmental Protection Agency Administrator Stephen L. Johnson ("EPA") filed its Notice of Supplemental Authority [Dk. # 18] with regard to Plaintiff's pending Motion for Fees.  Plaintiff now offers this response.

In its Notice of Supplemental Authority, EPA states:

> MacClarence sought $375 per hour for Mr. Ukeiley, $305 for Mr. Eddie, $205 for Ms. Baldwin (all attorneys), $120 for Ms. Perkins (a paralegal), and $120 for Ms. Middleton(a law student). This amount was based on District of Columbia hourly rates, instead of rates from counsels' home legal markets of Berea, Kentucky (for Mr. Ukeiley, Ms. Baldwin, Ms. Perkins, and Ms. Middleton) and Portland, Oregon (for Mr. Eddie).

EPA Notice of Supplemental Authority at 1-2.  EPA's claim that the rates MacClarence is seeking as to Mr. Ukeiley and his staff are based on District of Columbia hourly rates, instead of rates from the legal market of Mr. Ukeiley's home, is incomplete.  Actually,

the undisputed evidence before the Court is that the rates MacClarence is seeking in this case are the rate that Ukeiley actually charged and was paid for himself and his associate Ms. Baldwin for 100% of their non-*pro bono* work when they were doing work while seated in the legal market of Mr. Ukeiley's home, as well as the rate provided in the U.S. Attorney's Office's Laffey Matrix. <u>See</u> Declaration of Robert Ukeiley in Support of Plaintiff's Motion for Award of Attorneys' Fees and Costs [Dk. #13-6] at ¶¶ 23, 49. Two slight clarifications are that Ukeiley and Baldwin actually charged and were paid at a rate that reflected the prevision year rate on the U.S. Attorney's Office's Laffey Matrix rate and that the U.S. Attorney's Office's Laffey Matrix rate is substantially below actual District of Columbia hourly rates. <u>See</u> <u>e.g.</u> <u>Salazar v. District of Columbia</u>, 123 F.Supp. 2d 8, 14-15 (D.D.C. 2000).

Thus, the non-binding authority EPA is citing does exactly what Congress did not intend to happen in enforcement actions under statutes with fee shifting provisions. The <u>Rocky Mountain Clean Air Act</u> decision creates a clear financial disincentive for public interest minded attorneys like Ukeiley to take fee shifting cases. Ukeiley could get paid $375 per hour for working on non-fee shifting cases or $225 per hour for working on fee shifting cases.

The <u>Rocky Mountain Clean Air Act</u> decision also punishes Ukeiley for doing so much *pro bono* work in the past. The <u>Rocky Mountain Clean Air Act</u> decision dismisses Ukeiley's actual market rate work as the "fortunate case[s]" that should be ignored. <u>Rocky Mountain Clean Air Act v. Johnson</u>, 06-1992 Slip Op. at 5. What the opinion ignores is the uncontested fact that 100% of Ukeiley's market rate work was paid at rates essentially equivalent to the U.S. Attorneys' Laffey Matrix rate. Had Ukeiley done less

2

*pro bono* work and more market rate work, presumably the slip opinion would not have excused this rate as the "fortunate case[s]." Penalizing Ukeiley for spending the majority of his time on *pro bono* cases runs against Congress' intent to encourage lawyers to take fee shifting cases, as well as the rational behind the D.C. Circuit's decision in <u>Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516, 1525 (D.C.Cir.1988)</u> (en banc ) and bar associations' efforts to encourage more *pro bono* representation.

Finally, EPA claims that the <u>Rocky Mountain Clean Air Action</u> case and this case are essentially indistinguishable in their factual context and legal issue. However, there is at least one fact that differs in the two cases. The underlying case before this Court was a deadline suit over MacClarence's Clean Air Act Title V petition regarding a BP oil extraction facility on the North Slope of Alaska. Ukeiley is now representing MacClarence in the 9th Circuit on the merits of EPA's denial of MacClarence's Title V petition. The undisputed fact is that Ukeiley entered into an agreement to be paid $375 per hour for this representation, not the $225 figure that was arbitrarily chosen in the <u>Rocky Mountain Clean Air Action</u> case. <u>See</u> Second Declaration of Robert Ukeiley in Support of Plaintiff's Motion for Award of Attorneys' Fees and Costs [Dk. # 16-4] at ¶ 2.[1] There was no appeal of the merits of EPA's response to the Title V petitions in the <u>Rocky Mountain Clean Air Action</u> case.

---

[1] In the interest of complete disclosure, we note that after the Second Declaration of Robert Ukeiley was filed and after both Mr. Eddie and Mr. Ukeiley had changes in their employment, Ukeiley chose to represent Mr. MacClarence in the 9th Circuit on a *pro bono* basis in light of the possibility of recovery under the Clean Air Act's fee shifting provision.

Respectfully submitted,

**/s/**_____
Robert Ukeiley
Law Office of Robert Ukeiley
435R Chestnut Street, Ste. 1
Berea, KY 40403
T: (859) 986-5402
F: (866) 618-1017
E-mail: rukeiley@igc.org

Counsel for Plaintiff

Dated: February 5, 2008